# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 30, 2019

```
* * * * * * * * * * * * * * *
CYNTHIA RAMIREZ, individually        *        UNPUBLISHED
and as next friend of C.R., a minor, *
                                     *        No. 16-1180V
        Petitioner,                  *
v.                                   *        Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *        Attorneys' Fees and Costs;
AND HUMAN SERVICES,                  *        Interim; Special Master's
                                     *        Discretion.
        Respondent.                  *
* * * * * * * * * * * * * * *
```

Gil L. Daley, II, Law Office of Gil L. Daley, II, P.C., Fort Worth, Texas, for petitioner.
Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 21, 2016, Cynthia Ramirez ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program,[2] individually and as next friend of C.R., a minor.  Petition (ECF No. 1).  Petitioner alleged that C.R. suffered from "multiple conditions" as a result of a DTaP vaccination administered to her on August 14, 2014.  *Id.* at Preamble.

On December 18, 2018, petitioner filed a motion for interim attorneys' fees and costs. Motion for Interim Attorney's Fees and Costs ("Pet. Motion"), ECF No. 63.  After reviewing the motion, I identified several issues that needed to be corrected before I could rule on the motion, and I issued an order directing petitioner to file additional information.  *See* Order re: Motion for Interim Attorney's Fees and Costs, ECF No. 68.  Petitioner filed the additional information on

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

January 21, 2019.  Motion to Supplement Interim Fees and Costs (Supp. to Pet. Motion), ECF No. 69.

In her supplement, petitioner requested reimbursement for attorneys' fees in the amount of $81,060.00, and reimbursement for costs in the amount of $46,405.75.  Supp. to Pet. Motion Exhibit 1 at 25; Supp. to Pet. Motion Exhibit 2 at 15.

On December 21, 2018, respondent filed a response to petitioner's motion.  Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs, ECF No. 65.  Respondent stated that, in this case, he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008)." *Id.* at 2.  Respondent further "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award of interim attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply.  This matter is now ripe for adjudication.

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that the petitioner brought the claim in good faith and with a reasonable basis.  § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, and may increase or reduce the initial fee award calculation based on specific findings.  *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994); *see Avera*, 515 F.3d at 1348.

In *Avera,* the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352.  In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

The present case has been pending before the Program since 2016.  Prior to filing the petition, petitioner obtained expert reports from two experts, Dr. Krusz and Nurse Lynch, which were filed with the petition.  *See* Petitioner's Exhibits ("Pet. Exs.") 5-7.  Since the filing of the petition, petitioner has submitted an additional five experts reports from two experts in support of her claim, Dr. Siegler and Dr. Steinman.  *See* Pet. Ex. 14 (ECF No. 33); Pet. Ex. 17 (ECF No. 40); Pet. Ex. 18 (ECF No. 43); Pet. Ex. 20 (ECF No. 55), Pet. Ex. 21 (ECF No. 57).  Petitioner also retained a life care planner and filed a life care plan.  Pet. Ex. 13 (ECF No. 24).

Petitioner explained that the retention of costly experts as well as the protracted nature of this case are causing her financial hardship.  Supp to Pet. Motion at 2-3.  As a general practice, I do not encourage motions for interim fees and costs, but I recognize the issues raised by petitioner in this case.  Petitioner's claim was brought in good faith and there exists a reasonable basis for this claim.  Petitioner therefore is entitled to a reasonable award of interim and costs.

The hourly rate requested by petitioner for her attorney, Mr. Daley, for work he has performed on this case are in accordance with the hourly rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). However, Mr. Daley is requesting a higher hourly rate than he has previously been awarded.  *See Conger v. Sec'y of HHS*, No. 17-1373V, 2018 WL 2224927 (Fed. Cl. Spec. Mstr. Apr. 16, 2018); *Matthews v. Sec'y of HHS*, No. 14–1111V, 2016 WL 2853910 (Fed. Cl. Spec. Mstr. Apr. 18, 2016) (awarding forum rates of $325.00 per hour to Mr. Daley).  In the instant motion, Mr. Daley billed at an hourly rate of $350.00, an increase of $25.00 per hour.  Supp. to Pet. Motion Exhibit 2 at 15. Mr. Daley did not request such hourly rate increase in his motion, but instead simply billed his hours at the increased rate.  Mr. Daley also did not provide an affidavit as to his overall legal experience, his experience in the Program, or any other reasons which he feels would entitle him to higher hourly rates, which should be included with his motion per the Vaccine Guidelines Section X(3)(B)(1)(a).[3]  As such, I cannot adjust his hourly rates.  Mr. Daley also should note that when requesting an hourly rate increase, he is unlikely to receive a retroactive increase to his hourly rates from prior years, and he should only submit billing logs that reflect the hourly rate previously awarded to him for those years.  An increase in his hourly rate is likely to increase only the rates for the year he requests the increase (and subsequent years).  As such, the hourly rates used for calculations in his motions and billing logs should reflect the same.  Accordingly, I will award Mr. Daley $325.00 per hour for work he has performed on this case up to this point.  If Mr. Daley would like to request an increase in his hourly rate in the future, he should do so following the Vaccine Guidelines.

Mr. Daley has performed 231.6 hours of work on this case.  Supp. to Pet. Motion Exhibit 2 at 15.  I have reviewed the billing invoices submitted with petitioner's motion.  Petitioner corrected the issues noted in my previous order, and the billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task.  Based on my experience and my familiarity with the work performed in this case, the billing logs appear reasonable, and I find no cause to reduce Mr. Daley's requested hours.  Thus, I will award an hourly rate of $325.00 for 231.6 hours of work perfumed on this case thus far, **resulting in a reduction of $5,790.00.**

Petitioner also requested reimbursement for $46,405.75 in costs incurred thus far in this matter.  Supp. to Pet. Motion Exhibit 1 at 1.  Petitioner's costs include, *inter alia*, the court's filing fee, costs related to obtaining medical records, and costs related to obtaining multiple experts and a life care plan.  Supp. to Pet. Motion Exhibit 1.  The most substantial costs for which petitioner is seeking reimbursement are the expert costs in the amount of $45,450.00.  *Id.*  I have reviewed the invoices submitted with petitioner's motion.  The expenses incurred are well-documented and based on my experience they appear reasonable.  I find no cause for adjustment and thus the requested attorneys' costs are awarded in full.

---

[3] The *Guidelines For Practice Under the National Vaccine Injury Compensation Program* is available on the Court's website, which may be accessed at http://www.cofc.uscourts.gov/vaccine-guidelines.  (Last accessed January 29, 2019).

In accordance with the foregoing, petitioner is entitled to a reimbursement of interim attorneys' fees and costs as follows:

**Attorneys' Fees**

| | |
|---|---|
| Requested attorneys' fees | $81,060.00 |
| -    Hourly rate reduction | -    $5,790.00 |
| **Awarded attorneys' fees** | **$75,270.00** |

**Costs**

| | |
|---|---|
| **Awarded attorneys' costs** | **$46,405.75** |

Accordingly, I award the following:

1) **A lump sum in the amount of $121,675.75, representing reimbursement for petitioner's interim fees and costs, in the form of a check payable to petitioner and her attorney, Gil L. Daley, II, of the Law Office of Gil L. Daley, II, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.