# In the United States Court of Federal Claims

**Office of Special Masters**

Filed:  October 21, 2020

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
CYNTHIA RAMIREZ, *individually*    \*    UNPUBLISHED
*and as Next Friend of C.R., a minor*    \*
   \*    No. 16-1180V
       Petitioner,    \*
   \*
v.    \*    Special Master Gowen
   \*
SECRETARY OF HEALTH    \*    Stipulation for Award; Diphtheria-
AND HUMAN SERVICES,    \*    Tetanus-acellular Pertussis (DTap);
   \*    Inactivated Polio (IPV); Varicella;
       Respondent.    \*    Transverse myelitis.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Gil L. Daley, II,* Law office of Gil L. Daley, II, P.C., Forth Worth, TX, for petitioner.
*Claudia B. Gangi,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On September 21, 2016, Cynthia Ramirez, individually and as next friend of C.R., a minor ("petitioner") filed a petition for compensation under the National Vaccine Injury Program.[2]  Petition (ECF No. 1).  Petitioner alleges that as a result of receiving the Diphtheria-Tetanus-Acellular Pertussis/Inactivated Polio vaccine ("DTaP/IPV") and the varicella vaccinations on August 14, 2014, C.R. suffered transverse myelitis.  Petition at Preamble; Stipulation at ¶ 2 (ECF No. 124).

On October 21, 2020, respondent filed a stipulation providing a decision should be entered awarding compensation to petitioner.  Respondent denies that the vaccines are the cause

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

of C.R.'s alleged injuries, or any other injury or her current condition.  *Id.* at ¶ 6.  Nevertheless, maintaining their respective positions, the parties now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation to the petitioner according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation provides:

a)  **A lump sum of $638,163.71, which amount represents compensation for first year life care expenses ($70,323.71) and trust seed funds ($567,840.00), in the form of a check payable to Region Bank, as trustee of the grantor reversionary trust established for the benefit of C.R.;**

b)  **A lump sum of $300,000.00, which amount represents compensation for lost future earnings ($50,000.00) and pain and suffering ($250,000.00), in the form of a check payable to petitioner as guardian/conservator of the estate of C.R. for the benefit of C.R. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of C.R.'s estate;**

c)  **A lump sum of $147,691.35, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of C.R. by the State of Texas, in the form of a check payable jointly to petitioner and Meridian Resource Company, LLC, and mailed to:**

> **Meridian Resource Company, LLC**
> **P.O. Box 659940**
> **San Antonio, TX 78265-9939**
> **File No. 45602078**
> **Attn: Kathy Cook**

**Petitioner agrees to endorse this check to the Meridian Resource Company, LLC.**

d)  **An amount sufficient to purchase the annuity contract described in the stipulation.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the stipulation and this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| CYNTHIA RAMIREZ, individually and as next friend of C.R., a Minor | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 16-1180V Special Master Thomas Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, C.R., Cynthia Ramirez ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to C.R.'s receipt of the Diphtheria-Tetanus-Acellular Pertussis/Inactivated Polio vaccine ("DTaP/IPV") and/or the varicella vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. C.R. received the DTaP/IPV and varicella immunizations on August 14, 2014.

3. The vaccines were administered within the United States.

4. Petitioner alleges that C.R. suffered from injuries, including transverse myelitis ("TM"), as a result of receiving the vaccines and suffered the residual effects for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of C.R. as a result of her condition.

6. Respondent denies that the vaccines caused C.R. to suffer from TM, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $638,163.71, which amount represents compensation for first year life care expenses ($70,323.71) and trust seed funds ($567,840.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of C.R.;

b. A lump sum of $300,000.00, which amount represents compensation for lost future earnings ($50,000.00) and pain and suffering ($250,000.00), in the form of a check payable to petitioner as guardian/conservator of the estate of C.R. for the benefit of C.R. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of C.R.'s estate;

c. A lump sum of $147,691.35, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of C.R. by the State of Texas, in the form of a check payable jointly to petitioner and Meridian Resource Company, LLC, and mailed to:

Meridian Resource Company, LLC
P.O. Box 659940
San Antonio, TX 78265-9939
File No.: 45602078
Attn: Kathy Cook

Petitioner agrees to endorse this check to the Meridian Resource Company, LLC; and

d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

2

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of C.R., pursuant to which the Life Insurance Company will agree to make payments periodically to the trustee, for the following items of compensation:

a. For future unreimbursable Insurance Premium and In Network Insurance Maximum Out of Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $12,246.32 to be paid up to the anniversary of the date of judgment in year 2073, increasing at the rate of four percent (4%), compounded annually from the rate of judgment.

b. For future unreimbursable Out of Network Insurance Deductible, Pediatrician, Physiatrist, and Neurologist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $15,684.50 to be paid up to the anniversary of the date of judgment in year 2027, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Medicare Part B Deductible and AARP Supplemental Plan C expenses, beginning on the anniversary of the date of judgment in year 2073, an annual amount of $1,453.32 to be paid for the remainder of C.R.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Physical Therapy and Aqua Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $870.00 to be paid up to the anniversary of the date of judgment in year 2027, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Hippo Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,320.00 to be paid up to the anniversary of the date of judgment in year 2023, increasing at the rate of three (3%), compounded annually from the date of judgment.

f. For future unreimbursable Miralax and Gluco-gel expenses, beginning on the first anniversary of the date of judgment, an annual amount of $373.57 to be paid for the remainder of C.R.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Rollator Walker, Forearm Crutch, Crutch Tip, Shower Bench, Wheelchair, Wheelchair Cushion and Cover, and Wheelchair Maintenance expenses, beginning on the anniversary of the date of judgment in year 2073, an annual amount of $260.64 to be paid up to the anniversary of the date of judgment in year 2075. Then, on the anniversary of the date of judgment in year 2075, a lump sum of $2,146.01. Thereafter, beginning on the anniversary of the date of judgment in year 2076, an annual amount of $483.32 to be paid for the remainder of C.R.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Hand Held Shower, Therapy Platform and Mat, Ankle Weight, Theraband, Positioning Wedge, Orthopedic Shoe, Backpack, Portable Wheelchair and Ramp expenses, beginning on the first anniversary of the date of judgment, an annual amount of $384.19 to be paid up to the anniversary of the date of judgment in year 2024. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $449.35. Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $384.19 to be paid up to the anniversary of the date of judgment in year 2031. Then, on the anniversary of the date of judgment in year 2031, a lump sum of $421.27. Thereafter, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $389.49 to be paid for the remainder of C.R.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable YMCA expenses, beginning on the first anniversary of the date of judgment, an annual amount of $444.00 to be paid for the remainder of C.R.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Camp Summit expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,400.00 to be paid up to the anniversary of the date of judgment in year 2025, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

4

k. For future unreimbursable Valet Plus adaptive vehicle access seat expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $8,776.24. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $8,776.24. Then, on the anniversary of the date of judgment in year 2044, a lump sum of $8,776.24. Then, on the anniversary of the date of judgment in year 2054, a lump sum of $8,776.24, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Van Modification expenses, on the anniversary of the date of judgment in year 2058, a lump sum of $26,784.85. Thereafter, beginning on the anniversary of the date of judgment in year 2059, an annual amount of $2,678.49 to be paid for the remainder of C.R.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

m. For future unreimbursable Tutoring expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,528.00 to be paid up to the anniversary of the date of judgment in year 2026, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

n. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,120.00 to be paid up to the anniversary of the date of judgment in year 2027. Thereafter, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $2,040.00 to be paid for the remainder of C.R.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

o. For future unreimbursable Home Health Aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $18,928.00 to be paid up to the anniversary of the date of judgment in year 2058. Thereafter, beginning on the anniversary of the date of judgment in year 2078, an annual amount of $37,960.00 to be paid for the remainder of C.R.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

p. For future unreimbursable Ancillary Service expenses, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $1,500.00 to be paid up to the anniversary of the date of judgment in year 2081, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the trustee in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the trustee and do not require that the payment be made in one annual installment. The trustee will continue to receive

the annuity payments from the Life Insurance Company only so long as C.R. is alive at the time

that a particular payment is due.  Written notice to the Secretary of Health and Human Services,

the trustee, and the Life Insurance Company shall be provided within twenty (20) days of C.R.'s

death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health

and Human Services and will be purchased as soon as practicable following the entry of a

judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary

of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts

awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with

respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding

upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to

this Stipulation is not for any items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of C.R. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of C.R.'s estate under the laws of the State of Texas. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of C.R.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of C.R. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of C.R. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of C.R., on behalf of herself, C.R., and C.R.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

7

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of C.R. resulting from, or alleged to have resulted from the DTaP/IPV and varicella vaccinations administered on August 14, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about September 21, 2016, in the United States Court of Federal Claims as petition No. 16-1180V.

18. If C.R. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

8

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP/IPV and/or varicella vaccines caused C.R. to suffer from TM or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of C.R.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

CYNTHIA RAMIREZ

**ATTORNEY OF RECORD FOR PETITIONER:**

GIL L. DALEY, II, ESQ.
The Law Office of Gil L. Daley, II, P.C.
201 Main Street, Suite 600
Fort Worth, TX 76102
Tel: (817) 763-9553

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

CAPT Dale Mishler, DHSc, for
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 10/21/20

**ATTORNEY OF RECORD FOR RESPONDENT:**

Claudia B Gangi
by Catharine E
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

10