# In the United States Court of Federal Claims
**Office of Special Masters**
Filed: June 29, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| CYNTHIA RAMIREZ, *individually* | * | Unpublished |
| *and as Next Friend of C.R., a minor* | * | |
| | * | No. 16-1180V |
| Petitioner, | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | Final Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Decision on Stipulation. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Gil L. Daley, II,* Law Office of Gil L. Daley, II, P.C., Forth Worth, TX, for petitioner.
*Claudia B. Gangi,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 21, 2021, Cynthia Ramirez, as next friend of C.R., a minor, filed a motion for final attorneys' fees and costs. ("Fees App.") (ECF No. 130). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award reasonable attorneys' fees of $60,750.00 and attorneys' costs of $27,951.46. Additionally, petitioner's motion for interim fees and costs associated with mediation is **GRANTED** and incorporated in this decision.

### I.   Procedural History

On September 21, 2016, Cynthia Ramirez, as next friend of C.R., a minor, filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). On August 14,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2014, C.R. received the Diphtheria-Tetanus-Acellular Pertussis/Inactivated Polio vaccine ("DTap/IPV") and the varicella vaccines. *Id.* at Preamble. Petitioner alleged that as a result of the vaccines C.R. received, she suffered transverse myelitis. *Id.*

On February 15, 2019, the undersigned referred this case to Alternative Dispute Resolution ("ADR") before former Chief Special Master Gary Golkiewicz. Order Referring Case to ADR (ECF No. 74). On May 22, 2019, the parties requested that the case be removed from ADR and proceed to an entitlement hearing. Joint Status Report (ECF NO. 78). An entitlement hearing was scheduled, but the parties were able to reach an informal resolution to the case. As such, on October 21, 2020, the undersigned a decision awarding compensation to petitioner. Decision on Stipulation (ECF No. 125).

On December 7, 2020, petitioner filed a motion for interim fees and costs. Petitioner's Motion for Interim Fees and Costs for Mediator ("Pet. Int. Fee App."). Specifically, petitioner requested that former Chief Special Master be awarded a total of $11,064.81 in fees and costs associated with ADR. *Id.* at 2.

On May 21, 2021, petitioner filed the instant motion for final attorneys' fees and costs. Fees App. Petitioner stated that she incorporates the request for interim fees and costs for mediator services of former Chief Special Master Gary Golkiewicz into the final attorneys' fees and costs motion. *Id.* at 1. Petitioner requests a total of $60,750.00 in attorneys' fees and $27,951.46 in attorneys' costs. *Id.* at 2. On June 4, 2021, respondent filed a response to petitioner's motion, which provides that respondent requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. Respondent's Response (ECF No. 132).

This matter is now ripe for adjudication.

**II.     Legal Standard**

The Vaccine Act provides that in the event that a petition results in compensation, the special master "shall" also award reasonable attorneys' fees and costs incurred in any proceeding on such petition. 42 U.S.C. § 300aa-15(e)(1). Because petitioner was awarded compensation, she is entitled to a final award of reasonable attorney's fees and costs.

Petitioners "[bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.,* 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests an hourly rate of $325.00 per hour for her attorney Mr. Gil L. Daley, for work performed in 2019, 2020 and 2021. Fees App. at 2. This rate is consistent with what Mr. Daley was previously awarded in interim fees in this case and with what he has previously been awarded for their Vaccine Program work. I find this rate to be reasonable.

Turning to the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. Mr. Daley's billing statements are adequately detailed and not excessive given the complex matter of the case. **As such, petitioner is awarded $60,750.00 in attorneys' fees.**

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioner requests attorneys' costs of $27,951.46. Fees App. at 2. This amount includes fees for a life care planner, expert fees for Dr. Lawrence Steinman, copying, mailing and fees associated with appointing a limited guardian of the estate of C.R. with respect to the compensation awarded by the undersigned. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable and related to the above-captioned case. A majority of petitioner's costs are associated with the life care plan development, which includes a site visit to C.R.'s residence. Fees App at 2, 23-35. Specifically, petitioner requests $19,161.72 for reimbursement for the development of a life care plan. *Id.* at 36. Petitioner also requested $2,062.00 for the remaining balance associated with the retention of Dr. Lawrence Steinman as an expert in this case. As this case was resolved by stipulation, I find the costs incurred by petitioner to be reasonable and as such, will be awarded in full.

Additionally, the services of former Chief Special Master Gary Golkiewicz for mediation services, in the total amount of $11,064.81, is supported by an invoice and receipts for travel. Fees App. at 6-12. Accordingly, petitioner is awarded the full amount of costs sought and the full amount of fees and costs sought for mediator former Chief Special Master Golkiewicz.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for final attorneys' fees and costs is **GRANTED. Accordingly, I award the following:**

1) **A lump sum in the amount of $88,701.46, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Gil Daley.**

2) **A lump sum in the amount of $11,064.81, representing reimbursement for mediation services, in the form of a check payable to Mr. Gary Golkiewicz.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).